UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2022 JUN 24 A II: 23

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) INFORMATION NO. |
| | ) |
| | ) 18 U.S.C. § 1014 and § 2 |
| | ) False statement on loan application |
| ANGELA HOWARD, | ) CR122-059 |

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At times relevant to this Information:

1. Defendant **ANGELA HOWARD** was an individual residing in the Southern District of Georgia, Augusta Division.

2. "Individual 1" was an individual residing in the Southern District of Georgia, Augusta Division. Individual 1 claimed to be the owner of Business 1.

3. The United States Small Business Administration ("SBA") is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses. The SBA's mission is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

4. As part of this effort, the SBA enables and provides for loans through banks, credit unions, and other lenders. These loans have government-backed

1

guarantees. In addition, the SBA provides loans that come directly from the U.S. Government.

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or about March 2020 designed to provide emergency financial assistance to the millions who are suffering the economic effects caused by the COVID-19 pandemic.

6. One source of relief provided by the CARES Act was the authorization for the SBA to provide Economic Injury Disaster Loans ("EIDL") to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

7. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the EIDL Advance was determined the number of employees the applicant certifies having.

8. In order to obtain an EIDL and/or EIDL Advance, a qualifying business must submit an online application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and the cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs and EIDL Advances for COVID-19 relief, the 12-month period was that preceding January 31, 2020. The applicant must also certify all the information the in application is true and correct to the best of the applicant's knowledge.

9. EIDL applications were submitted directly to the SBA online at https://covid19relief.sba.gov/#/ and processed by the agency with support from a government contractor, Rapid Finance. The amount of the loan, if the application is approved, is determined based, in part, on the information provided by the application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL or EIDL Advance are issued directly by the SBA. EIDL funds can be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

## COUNT ONE
*False Statement to U.S. Small Business Administration*
15 U.S.C. § 645(a) and 18 U.S.C. § 2

10. The allegations of paragraphs 1 through 9 of this Information are hereby realleged and incorporated as if fully set forth herein.

11. On or about July 6, 2020, **HOWARD**, within the Southern District of Georgia, aided and abetted by Individual 1, did knowingly submit a loan application to the SBA that she knew contained false information with the intent to influence the action of the SBA with respect to that loan. More particularly:

   a. **HOWARD**, aided and abetted by Individual 1, filled out an electronic Economic Injury Disaster Loan (EIDL) application with the SBA at https://covid19relief.sba.gov/#/ that included false statements.

   b. The Application was provided a unique identification number, EIDL Application −9921, and was submitted by **HOWARD** on behalf of Business 1.

    c. **HOWARD** was on the telephone with Individual 1 while she filled out EIDL Application −9921 out and **HOWARD** and Individual 1 discussed the contents of EIDL Application −9921.

    d. EIDL Application −9921 provided the SBA with several false statements, including that Business 1 had 10 employees and that in the twelve months prior to January 31, 2020 the business had $180,000 in gross revenue. In reality, as **HOWARD** and Individual 1 well knew, Business 1 did not have 10 employees and had not made substantial revenues in the twelve months prior to January 31, 2020.

    e. The false statements made in EIDL Application −9921 were made in an effort to help Individual 1 obtain an EIDL Advance of $10,000 for Business 1 and were intended to influence the actions of the SBA.

12.    In reliance on the false statements made in EIDL Application −9921, the SBA deposited money into an account in Individual 1's name at Bank 1. Individual 1 thereafter paid $1,000 of the money he had received from the SBA via Cash App and titled the payment "accounting services."

All in violation of Title 15, United States Code, Section 645(a) and Title 18, United States Code, Section 2.

_____
Patricia Rhodes
Assistant United States Attorney
Chief, Criminal Division

_____
Jennifer A. Stanley
Assistant United States Attorney
*Lead Counsel